692 S.E.2d 539

**In the Matter of Glenburn M. McGEE, Respondent.**

No. 26804.

Supreme Court of South Carolina.

Submitted March 8, 2010.

Decided April 12, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and Ericka M. Williams, Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Desa A. Ballard, of Law Offices of Desa Ballard, PA, of West Columbia, for respondent.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. . In the agreement, respondent admits misconduct and consents to the imposition of a public reprimand, definite suspension not to exceed two (2) years, or an indefinite suspension.[1]  We accept the agreement and

---

1. Since formal charges were not filed prior to January 1, 2010, an indefinite suspension remains a possible sanction under prior Rule 7(b)(2), RLDE. *See* Amendments to the South Carolina Rules for Lawyer Disciplinary Enforcement, Order dated October 16, 2009 (previous disciplinary rules apply, including possible sanction of indefinite

indefinitely suspend respondent from the practice of law in this state. Further, respondent agrees that, prior to seeking reinstatement or returning to the active practice of law,[2] he will pay restitution to Attorneys' Title Insurance Fund, Inc. The facts, as set forth in the agreement, are as follows.

## FACTS

Respondent served as a title agent for Attorneys' Title Insurance Fund, Inc. (the Fund). As a title agent, respondent collected title insurance premiums from clients in conjunction with closings he performed. On at least one hundred and seventy-two (172) occasions, respondent failed to forward the collected title insurance premiums to the Fund. On at least thirty-seven (37) of those occasions, final title policies were not issued to the insured. The amount owed to the Fund for premiums collected by respondent but not forwarded to the Fund is $47,456.42.

## LAW

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Rule 1.15(d) (lawyer shall promptly deliver to third person any funds that the third person is entitled to receive); Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to administration of justice). In addition, respondent admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

---

suspension, if disciplinary complaint is pending on January 1, 2010, and formal charges have not been filed).

2. Respondent is an inactive member of the South Carolina Bar.

## *CONCLUSION*

In mitigation, respondent claims that he did not intentionally withhold the Fund's title insurance premiums but failed to disburse the premiums as a result of computer failures and inadequate manual reconciliations of his trust account. Further, respondent asserts he is in poor health and unable to work. We do note that respondent has been a member of the South Carolina Bar for almost forty (40) years and has no prior disciplinary history.

Accordingly, in light of these mitigating circumstances, we accept the Agreement for Discipline by Consent and indefinitely suspend respondent from the practice of law. Respondent shall not seek reinstatement until he has paid the Fund restitution in the amount of $47,456.42.[3] Within fifteen days of the date of this opinion, respondent shall surrender his certificate of admission to practice law in this state to the Clerk of Court and shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**INDEFINITE SUSPENSION.**

---

3. The parties agree that, in the event the Lawyers Fund for Client Protection makes any payments to the Fund as a result of respondent's misconduct, respondent shall fully reimburse the Lawyers Fund for Client Protection prior to seeking reinstatement.